IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO

NINA SCHLAEGEL, a minor,
by and through her mother, Erika
Schlaegel, on behalf of herself and
all others similarly-situated
5785 Montevideo Road
Westerville, Ohio 43081

Plaintiffs,

—vs.—

NEBRASKA BEEF, LTD.,
4501 South 36th Street
Omaha, Nebraska 68107

Defendant.

Case No. 08CVC 07 9676

Judge

Case Designation C

## CLASS ACTION COMPLAINT WITH JURY DEMAND

### INTRODUCTION & NATURE OF ACTION

On July 1, 2008, Defendant Nebraska Beef, Ltd. ("Nebraska Beef") recalled more than 531,000 pounds of ground beef contaminated with E. coli 0157:H7. On July 3, 2008, Nebraska Beef widened the recall to include more than 5 million pounds of meat. The recalls came too late for many Ohioans. More than 39 cases of E. coli illness have already been confirmed in Ohio and Michigan from Nebraska Beef's tainted meant.

One such victim, 4 year-old Nina Schlaegel, on behalf of herself and all others similarly situated, files this class action under Ohio R. Civ. P. 23(A), (B)(1), and/or (B)(3), seeking monetary relief both individually and for the putative class she represents. Nina and the class members suffered E. coli illness, resulting in

Kitrick, Lewis & Harris Co., L.P.A.
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
www.kitricklaw.com

1



severe nausea, cramping, bleeding, diarrhea, fever, and other painful and distressing symptoms. The class asserts its claims based upon Ohio products liability law, including but not limited to Ohio R.C. §§ 2307.71-80.

## JURISDICTION AND VENUE

1. This is a class action brought under Ohio R. Civ. P. 23(A), (B)(1), and (B)(3), seeking monetary relief both individually and for the putative class.

2. This Court has subject matter jurisdiction under Ohio Rev. Code §2305.01 and personal jurisdiction over Defendant Nebraska Beef because it regularly, freely, and purposefully directs its business activities at Ohio citizens, such that it has purposefully availed itself of the privileges of conducting business in Ohio, and has rendered itself subject to jurisdiction based, in large part, on the torts caused by its in-state activities alleged herein, among other reasons. Nebraska Beef has established a substantial connection with Ohio that makes the exercise of personal jurisdiction over this defendant reasonable.

3. Furthermore, the Court's exercise of jurisdiction comports with traditional notions of fair play and substantial justice, and Nebraska Beef's conduct relating to Ohio is such that it should reasonably anticipate being haled into court here. Considering the burden on the defendant, the interest of Ohio, the Plaintiffs' interest in obtaining relief, and the interest of other states in securing the most efficient resolutions of controversies, this Court should exercise personal jurisdiction over Nebraska Beef.

Kitrick, Lewis & Harris Co., L.P.A.
515 East Main Street, Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
www.kitricklaw.com

4. Additionally, Ohio's long-arm statute, R.C. § 2307.382, permits the exercise of personal jurisdiction over non-resident defendant Nebraska Beef. Among other R.C. 2307.382 bases for long-arm jurisdiction, Nebraska Beef regularly does and/or solicits business in Ohio and has, furthermore, caused tortious injury in Ohio.

5. Venue in Franklin County is appropriate under Civ. R. 3(B)(3), (6) and (7), among other bases for venue in this Court.

## PARTIES

6. Plaintiff Nina Schlaegel is a citizen of Ohio who was contracted E. coli 0157:H7 from Defendant Nebraska Beef's tainted ground beef.

7. Defendant Nebraska Beef is an Omaha corporation with its principal place of business 4501 South 36th Street, Omaha, Nebraska 68107.

## FACTUAL BACKGROUND

8. This is a class action based upon the June-July 2008 E. coli outbreak in Ohio caused by Nebraska Beef producing, selling, and distributing hundreds of thousands of pounds of tainted ground beef to stores in Ohio.

9. In particular, the Ohio Department of Health has confirmed through genetic testing that at least 19 Ohio residents have already contracted E. coli 0157:H7 from Nebraska Beef's tainted product. More victims are likely to be identified through ongoing investigation.

Kitrick, Lewis & Harris Co., L.P.A.
515 East Main Street, Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
www.kitricklaw.com

3

10. On June 30, 2008, the U.S. Department of Agriculture announced that Nebraska Beef was responsible for supplying the contaminated beef, and issued a recall of 531,707 pounds of ground beef components.

11. Many Ohioans have suffered E. coli related illnesses that have been specifically linked to Nebraska Beef's tainted meat. The named representative and the class members have suffered physical and emotional injuries, including but not limited to severe gastrointestinal symptoms, nausea, diarrhea, bleeding, cramping, and fever, among other injuries.

## CLASS ALLEGATIONS

12. Plaintiff Nina Schlaegel brings this action individually and on behalf of all Ohioans similarly situated, as members of the proposed class ("the Class"), defined as follows:

> **All Ohio claimants who have suffered personal injury caused by Nebraska Beef's contaminated E. Coli 0157:H7 meat.**

The Plaintiff is a member of this putative Class. Specifically excluded from this Class are the following: (1) Nebraska Beef, any entity in which Nebraska Beef has a controlling interest, and the officers, directors, affiliates, legal representatives, heirs, successors, subsidiaries, and/or assigns of any such individual or entity; and (2) any judge or judicial officer with responsibility over the management or resolution of this litigation and members of any such individual's immediate family.

13. The members of this Class for whose benefit this action is brought are so numerous that joinder of all Class members is impracticable. Nebraska Beef

Kitrick, Lewis & Harris Co., L.P.A.
515 East Main Street, Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
www.kitricklaw.com

operates its meat production and supply business on a nationwide basis, with regular supply and sales to stores throughout Ohio. More than 531,000 pounds of tainted meat have been supplied to Ohio and Michigan markets, where hundreds of consumers have purchased the meat for consumption. Already 19 cases of illness have been confirmed in Ohio, and Plaintiff expects that many more will be confirmed in the coming weeks.

14. This action is properly brought and maintainable under Ohio R. Civ. P. 23 for the following reasons:

    A.    The anticipated and projected size of the Class is so numerous that joinder of all members is impracticable.

    B.    There are questions of law and fact common to this action that predominate over any questions solely affecting individual class members. Among such common questions of law and fact are the following:

        i.    Whether Nebraska Beef negligently manufactured and supplied the contaminated E. coli meat to Ohioans.

        ii.    Whether Nebraska Beef is strictly liable for manufacturing and supplying the contaminated E. coli meat to Ohioans.

        iii.    Whether Nebraska Beef is liable for breach of warranty.

        iv.    Whether Ohio claimants who comprise the Class have suffered damages as a result of Nebraska Beef's misconduct.

15. Plaintiff's claims are typical of the claims of other Class members arising from Nebraska Beef's manufacture and supply of contaminated E. coli

Kitrick, Lewis & Harris Co., L.P.A.
515 East Main Street, Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
www.kitricklaw.com

5

meat to Ohio stores for sale and distribution to Ohioans in the Spring and Summer 2008.

16. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has no interest antagonistic to those of other Class members, and Plaintiff has retained attorneys experienced as counsel in class actions and complex litigation.

17. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

    A. Given the size of individual Class members' claims and the expense of litigating those claims, few, if any, Class members could afford to or would seek legal redress individually for the wrongs Nebraska Beef committed against them, and absent Class members have no substantial interest in individually controlling the prosecution of individual actions.

    B. When the liability of Nebraska Beef has been adjudicated, claims of all Class members can be administered efficiently and/or determined by the Court.

    C. This class action will promote an orderly and expeditious administration and adjudication of the class action; economies of time, effort, and resources will be fostered; and uniformity of decisions will be ensured.

18. The claims of the representative Plaintiff are typical of, if not identical to, all members of the Class and the named Plaintiff has no interests, of which she is aware, that are adverse or antagonistic to the interests of the Class.

19. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

Kitrick, Lewis & Harris Co., L.P.A.
515 East Main Street, Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
www.kitricklaw.com

20. The representative Plaintiff will fairly and adequately represent the interest of the Class. The named Plaintiff is committed to the vigorous prosecution of this action and, to that end, has retained competent counsel experienced in complex litigation of this nature.

21. Notice can be provided to members of the Class by regular U.S. Mail because the Ohio Department of Health maintains a database of all Class members.

### COUNT I
### NEBRASKA BEEF IS LIABLE UNDER OHIO PRODUCT LIABILITY LAW FOR PRODUCING DEFECTIVE, CONTAMINATED MEAT

22. Plaintiff repeats and realleges the allegations contained in all prior paragraphs.

23. Defendant Nebraska Beef is a manufacturer as defined in R.C. § 2301.71(A)(9).

24. The Class members are claimants as defined in R.C. § 2307.71(A)(1).

25. Nebraska Beef's contaminated meat was defective in manufacture or construction because, when it left the control of Nebraska Beef, it deviated in a material way from the design specifications, formula, or performance standards of the manufacturer, or from otherwise identical units manufactured to the same design specifications, formula, or performance standards. Moreover, the contaminated meat was defective in manufacture or construction even though Nebraska Beef might have exercised all possible care in its manufacture or construction. Nebraska Beef is therefore liable under R.C. § 2307.74, among other bases for liability.

Kitrick, Lewis & Harris Co., L.P.A.
515 East Main Street, Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
www.kitricklaw.com

26. Nebraska Beef's contaminated beef was also defective under R.C. § 2307.76 due to inadequate warning or instruction at the time of marketing because, when it left the control of Nebraska Beef, both of the following applied:

    A. Nebraska Beef knew or, in the exercise of reasonable care, should have known about a risk that is associated with the product and that caused harm for which the Class members seek to recover compensatory damages; and

    B. Nebraska Beef failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the product would cause harm of the type for which the Class members seek to recover compensatory damages and in light of the likely seriousness of that harm.

27. The contaminated beef is also defective due to inadequate post-marketing warning or instruction because, at a relevant time after it left the control of Nebraska Beef, both of the following applied:

    A. Nebraska Beef knew or, in the exercise of reasonable care, should have known about a risk that is associated with the product and that allegedly caused harm for which the claimant seeks to recover compensatory damages;

    B. Nebraska Beef failed to provide the post-marketing warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the product would cause harm of the type for which the claimant seeks to recover compensatory damages and in light of the likely seriousness of that harm.

28. The contaminated beef was also defective under R.C. § 2307.77 because it did not conform, when it left the control of Nebraska Beef, to a representation made by that manufacturer.

Kitrick, Lewis & Harris
Co., L.P.A.
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
www.kitricklaw.com

8

29. As direct and proximate result of Nebraska Beef's defective, contaminated meat, the Class members have suffered serious and permanent personal injury, including pain and suffering, physical illness, emotional distress, and loss of enjoyment of life, among other losses.

30. The Class members have also incurred medical bills, lost wages, and other economic losses, to be determined at or before trial, as a direct and proximate result of Nebraska Beef's contaminated meat.

31. In particular, Nina Schlaegel has suffered serious physical and emotional injuries, including but not limited to nausea, vomiting, abdominal pain, cramping, bloody diarrhea, and fever. She has incurred medical bills, and her family has suffered lost wages. She continues to suffer these damages and losses, among others, of her E. coli illness.

### COUNT TWO
### NEBRASKA BEEF IS LIABLE FOR BREACHING WARRANTIES ABOUT THE CHARACTER AND QUALITY OF THE CONTAMINATED MEAT

32. Plaintiff repeats and realleges the allegations contained in all prior paragraphs.

33. Defendant Nebraska Beef has breached express and/or implied warranties concerning the character and/or quality of its meat, including but not limited to warranties that the meat was free from E. coli.

34. As a direct and proximate result of these breaches, the Class members have suffered the damages and losses alleged in this complaint.

Kitrick, Lewis & Harris Co., L.P.A.
515 East Main Street, Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
www.kitricklaw.com

9

## COUNT THREE
## NEBRASKA BEEF IS LIABLE FOR FAILING TO COMPLY WITH GENERALLY ACCEPTED STANDARDS OF CARE REGARDING THE PROCEESING, HANDLING, STORAGE AND TRANSPORT OF MEAT PRODUCTS

35. Plaintiff repeats and realleges the allegations contained in all prior paragraphs.

36. Defendant Nebraska Beef has failed to comply with generally accepted standards of care relative to the processing, handling, storage, and transport of meat products.

37. As a direct and proximate result of this breach of care, the Class members have suffered the damages and losses alleged in this complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class members pray for a judgment:

A.  Certifying this case as a class action under Ohio R. Civ. P. 23(A), (B)(1), and/or (B)(3);

B.  Awarding Plaintiff and Class members compensatory damages, attorneys' fees, and all litigation costs;

C.  Awarding Plaintiff and Class members pre-judgment interest and post-judgment interest as provided for by law;

E.  Awarding such other and further relief as may be just and proper.

Respectfully submitted,
Kitrick, Lewis & Harris Co., LPA

Kitrick, Lewis & Harris Co., L.P.A.
515 East Main Street, Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
www.kitricklaw.com

Kitrick, Lewis & Harris
Co., L.P.A.
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
www.kitricklaw.com

**Mark Lewis (0063700)**
(mlewis@kitricklaw.com)
515 East Main Street, Suite 515
Columbus, Ohio 43215-5398
(614) 224-7711
(614) 225-8985 (Facsimile)

*/s/ Mark Kitrick*

**Mark Kitrick (0000021)**
(mkitrick@kitricklaw.com)
515 East Main Street, Suite 515
Columbus, Ohio 43215-5398
(614) 224-7711
(614) 225-8985 (Facsimile)

Sean Harris with permission
**Sean Harris (0072341)**
(sharris@kitricklaw.com)
515 East Main Street, Suite 515
Columbus, Ohio 43215
(614) 224-7711
(614) 225-8985 (Facsimile)

and

**THE PLYMALE PARTNERSHIP, LLP**

s/Scott Bowman with permission
**Scott Bowman (0069455)**
(sbowman@protectingohio.com)
495 S. High St., Suite 400
Columbus, OH 43215-5689
(614) 221-1166
(614) 221-6633 (Facsimile)

s/E. Ray Critchett with permission
**E. Ray Critchett (0074234)**
(ecritchett@protectingohio.com)
495 S. High St., Suite 400
Columbus, OH 43215-5689
(614) 221-1166
(614) 221-6633 (Facsimile)

*Trial Attorneys for Plaintiffs*

11

## JURY DEMAND

Plaintiffs hereby demand a trial by Jury.

_____
Mark Lewis (0063700)

Kitrick, Lewis & Harris
Co., L.P.A.
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
www.kitricklaw.com